UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES HOLMAN,** on behalf of himself and all others similarly situated,<br>　　Plaintiff<br><br>vs<br><br>**MACON COUNTY, TENNESSEE,**<br>　　Defendant | Case No.<br><br>Hon. |

**COMPLAINT - CLASS ACTION**

Plaintiff, for his complaint against Defendant, states as follows;

**INTRODUCTION**

This action is brought by Plaintiff, on behalf of himself and all others similarly situated, pursuant to 42 U.S.C. §1983 to redress the violation by Defendant of Plaintiff's rights secured by the Eighth and Fourteenth Amendments to the United States Constitution, that is, Plaintiff's right to have bail set on an individualized basis and narrowly tailored to address the issue of likelihood to flee and danger to the community if released.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. § 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States and under 28 U.S.C. § 1343 to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

2. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. § 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

**PARTIES**

3. Plaintiff James Holman is a resident of Lafayette, Macon County, Tennessee. Plaintiff brings this claim on behalf of himself and all others similarly situated.

1

4. Defendant Macon County is a political subdivision of the State of Tennessee and employs judicial commissioners to act as magistrates as allowed under Tennessee law for the determination of probable cause and the setting of bail.

## GENERAL ALLEGATIONS

5. On or about April 12, 2009, Plaintiff was arrested in Lafayette, Macon County, Tennessee by officers of the Lafayette Police Department.

6. The arrest was for sixth offense driving under the influence, driving on a revoked or suspended license and habitual traffic offender.

7. Plaintiff's bail was set at $12,500 by Macon County Judicial Commissioner Ralph Meeks.

8. Plaintiff was not questioned as to his employment, length of residence in the county, ownership of real property, family connections, or about any other factor which could reasonably or legally be used to make a fair and impartial determination of his likelihood to flee or be a danger to the community if released.

9. Instead, Plaintiff's bail was set based solely on the charged offense and as a punishment for multiple offenses of driving under the influence.

## COUNT 1

(42 U.S.C. §1983 - Macon County-class action)

10. Defendant Macon County, by knowingly and deliberately instituting and approving of a system where bail is set based on something other than the statutory elements or an individualized determination of the need for bail, violated the Constitutional rights of Plaintiff, and others similarly situated to him, against excessive bail under the 8th Amendment as incorporated through the 14th Amendment due process clause.

11. In contrast to the Release from Custody and Bail Reform Act of 1978, T.C.A. 40-11-101, *et. seq.*, the Macon County system of setting bail automatically applies to persons arrested without any individualized consideration, let alone consideration by a neutral arbiter and does not require any particularized finding that the detained individual is likely to flee or not appear for court.

12. In place of the Bail Reform Act's facially neutral, individualized adjudication, the Macon

County system of setting bail relies on only general assumptions that individuals arrested are not likely to return for scheduled court appearances unless compelled to do so under the yoke of a monetary bail amount. Thus, almost all charges carry a monetary bail requirement.

13. This system serves to enrich bailbondsman who are practically guaranteed a steady stream of relatively risk-free revenue through the process of requiring all detainees to post bonds for monetary bail.

14. In effect, Macon County has a policy, custom or pattern of pre-set monetary bail based on something other than a neutral, individualized determination of the likelihood to flee or being a danger to the community if released.

15. Requiring bail in an amount higher than that which is individually calculated to serve as an assurance of the presence of a particular person accused of an offense as required by the Bail Reform Act is excessive *per se.*

16. As a direct and proximate result of the acts of Defendant, Plaintiff, and others similarly situated, had his Constitutional right against the setting of excessive bail and his right to due process of law violated.

## CLASS ACTION ALLEGATIONS

17. The named plaintiff brings this action on his own and, pursuant to Rule 23(a), (b)(2) and alternatively, (b)(3) of the Federal Rules of Civil Procedure, on behalf of
    a. all individuals who have had bail set or who have been denied bail by a Macon County Judicial Commissioner without an individualized assessment of their likelihood to flee or be a danger to the community if released and all future individuals that will be subject to such a system.

18. The class is so numerous that joinder of all members is impracticable. Thousands of people pass through the judicial commissioners and have bail set each year.

19. There are questions of law and fact common to the class: Whether Defendant Macon County, through its judicial commissioners, is setting bail and bail amounts without regard to statutory requirements and Constitutional limitations in violation of individuals' rights against excessive bail and individuals' rights to due process of law.

a. In particular, if judicial commissioners set bail based on something other than an individualized assessment of the likelihood to flee or to being a danger to the community if released, then the common question of law is whether or not this system constitutes excessive bail and violative of due process because it is not based on an individualized assessment and is instead completely arbitrary.

b. An additional common question of fact is whether or not judicial commissioners increase bail as a punitive measure either on their own or on the request of police officers and, as a result, the common question of law is whether punitive bail is excessive and therefore violative of excessive bail and due process clauses.

c. An additional common question of fact is whether or not judicial commissioners deny bail on the request of a police officer so that the arrestee can be softened up while in custody and so that police can question the arrestee about uncharged crimes. As a result of this practice, called "hold for investigation", the common question of law is whether this practice of denying bail for the explicit purpose of questioning an arrestee in a custodial setting about uncharged offenses is violative of excessive bail and due process clauses.

20. The claims of the named plaintiff are typical of the claims of the class. Plaintiff does not attack the dollar amount of his bail but rather the system by which that amount was determined. Plaintiff had his bail for driving under the influence set by a judicial commissioner without an individualized assessment of his likelihood to flee or be a danger to the community if released as have all others subjected to this system of setting bail. For example, individuals that are held "for investigation" are denied bail on other than an individualized basis of their likelihood to flee, as are individuals denied bail by placing "hold for court", or denied bail because they were arrested on out of county warrants, or denied bail because the warrant was for failure to appear, or had their bail set based on a pre-set bail amount based solely on the charged offense.

21. The named plaintiff will fairly and adequately protect the interests of the class. Plaintiff intends to prosecute this action vigorously in order to secure remedies for all of the class members and has no conflict of interest with other putative class members.

22. This action is appropriately maintained as a class action under F.R.C.P. 23(b)(2) because Defendant has acted on grounds generally applicable to the class and Plaintiff is seeking final class-wide structural, injunctive or declaratory relief with respect to the class as a whole which would equally benefit each class member. Specifically, Plaintiff seeks a permanent injunction preventing Defendant Macon County, and its officers and employees, from disregarding the statutorily and Constitutionally required individualized determination of the need for bail.

23. Although compensatory damages are sought, they are sought only to the extent which they may enure to the benefit of the class as a whole. It is difficult if not impossible to put a monetary value on the violation of one's Constitutional rights but a broad-based, across the board damage award that does not call for individualized damage assessment is consistent with the provisions of (b)(2) classes and with due process in a class action context.

24. Alternatively, this action is appropriately maintained as a hybrid class action under F.R.C.P. 23(b)(2) for the injunctive relief sought and under F.R.C.P. 23(b)(3) for the compensatory damages sought because the questions of law and fact common to class members predominate over any questions affecting only individual members and class treatment is superior to other available methods for fairly and efficiently adjudicating this controversy.

Therefore, Plaintiff requests that this Court award:

1. Compensatory damages to Plaintiff and the putative class and against Defendant Macon County in an amount to be determined at trial and such as to enure to the benefit of the class as a whole;
2. A permanent injunction against Macon County requiring that judicial commissioners employed by the county determine bail on an individualized basis and limited to the purpose of ensuring a defendant's presence in court and of ensuring the safety of the community.
3. Reasonable attorney's fees;

4. Cost of suit and such other and further relief as the court deems just and proper.

Respectfully Submitted,

 /s/ Jerry Gonzalez
Jerry Gonzalez (18379)
Attorney for Plaintiff
2441-Q Old Fort Parkway
No. 381
Murfreesboro, TN 37128
615-360-6060
jgonzalez@jglaw.net