UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES HOLMAN, on behalf of himself and all others similarly situated,** ) ) ) | |
| Plaintiff, ) ) | Case No. 2:10-cv-0036 Echols/Brown |
| ) | |
| **MACON COUNTY, TENNESSEE,** ) ) | |
| Defendant. ) | |

## ANSWER OF MACON COUNTY

The defendant Macon County states the following for its Answer to plaintiff's complaint:

1. The defendant admits the averments of paragraph no. 1 of the plaintiff's Complaint to the extent they alleged that this Court has jurisdiction to hear the federal claims asserted in this action, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph no. 1.

2. The defendant admits the averments of paragraph no. 2 of the plaintiff's Complaint to the extent they allege that venue is proper in this Court.

FB032142 /

3. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence of paragraph no. 3 of the plaintiff's complaint and denies the second sentence to the extent it alleges that the plaintiff is a proper representative of a class.

4. The defendant admits the averments of paragraph no. 4 of the plaintiff's Complaint.

5. The defendant admits the averments of paragraph no. 5 of the plaintiffs Complaint.

6. The defendant denies the averments of paragraph no. 6 of the plaintiff''s Complaint. The defendant admits that plaintiff was arrested for driving on a revoked license, 5th offense; habitual offender; and DUI sixth offense.

7. The defendant admits the averments of paragraph no. 7 of the plaintiff's Complaint.

8. The defendant denies the averments of paragraph no. 8 of the plaintiff's Complaint.

9. The defendant denies the averments of paragraph no. 9 of the plaintiff's Complaint.

10. The defendant denies the averments of paragraph no. 10 of the plaintiff's Complaint.

11. The defendant denies the averments of paragraph no. 11 of the plaintiff's Complaint.

12 The defendant denies the averments of paragraph no. 12 of the plaintiff's Complaint.

13. The defendant denies the averments of paragraph no. 13 of the plaintiff's Complaint to the extent it avers that the system is designed to enrich bail bondsman, and lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph no. 13 of the plaintiff's Complaint, to the extent it avers that bail bondsman are "practically guaranteed by a steady stream of relatively risk-free revenue through the process of requiring all detainees to post bonds for monetary bail."

14. The defendant denies the averments of paragraph no. 14 of the plaintiff's Complaint.

15. The defendant denies the averments of paragraph no. 15 of the plaintiff's Complaint.

16. The defendant denies the averments of paragraph no. 16 of the plaintiff's Complaint.

17. The defendant denies the averments of paragraph no. 17 of the plaintiff's Complaint.

18. The defendant denies the averments of paragraph no. 18 of the plaintiff's Complaint.

19. The defendant denies the averments of paragraph no. 19 (a)(b) and (c) of the plaintiff's Complaint.

20. The defendant admits the averments of the second sentence of paragraph no. 20 of the plaintiff's Complaint, and denies the remaining averments of paragraph no. 20.

21. The defendant denies the averments of paragraph no. 21 of the plaintiff's Complaint.

22. The defendant denies the averments of paragraph no. 22 of the plaintiff's Complaint.

23. This defendant denies the averments of paragraph no. 23 of the plaintiff's Complaint.

24. The defendant denies the averments of paragraph no. 24 of the plaintiff's Complaint.

25. The defendant denies that plaintiff is entitled to recover any of the relief demanded in his prayer for relief.

26 The defendant denies all averments of the plaintiff's Complaint not expressly admitted herein.

FB032142 /    4

Case 2:10-cv-00036   Document 8   Filed 06/15/10   Page 4 of 7 PageID #: 26

## AFFIRMATIVE DEFENSES

27. The plaintiff's Complaint fails to state a claim against the defendant, upon which relief can be granted under federal law, Tennessee state law or common law.

28. The plaintiff has not suffered a deprivation of any constitutional right, and even if he has, it was not the result of any policy, practice, action or inaction on the part of the defendant.

29 The plaintiff has not incurred any damage as a result of a constitutional violation.

30. The defendant has not engaged in a pattern or practice of behavior which violates the Constitution or laws of Tennessee or the United States of America.

31. Since the plaintiff has failed to assert a redressable claim, the plaintiff lacks standing to pursue this action.

32. The plaintiff cannot meet his burden of proving the factors necessary for certification of the class pursuant to Fed. R. Civ. P. 23(a) and (b)(2) or (b)(3), and this matter is, therefore, not proper for class certification.

33. To the extent plaintiff's Complaint attempts to assert a claim for violation of Due Process (which the defendant denies), the plaintiff has waived

any claim for Due Process violation.

34. The defendant request that it be awarded its attorneys fees and costs pursuant to 42 U.S.C. § 1988.

35. The defendant specifically requests a jury of twelve to try those issues which are properly tried by a jury.

36. The defendant specifically reserves the right to amend this pleading and to plead further affirmative defenses based upon the facts that become available during the discovery process.

WHEREFORE, the defendant Macon County prays that the Court refuse class action certification in this action, dismiss the plaintiff's Complaint against it with no recovery thereon, and award the defendant its costs and attorneys' fees expended herein, a trial by jury, and all other relief which it may appear entitled.

Respectfully Submitted,

FARRAR & BATES, L.L.P.

 /s/Mary Byrd Ferrara
Mary Byrd Ferrara (BPR #000229)
Heather C. Stewart (BPR # 23914)
211 Seventh Avenue, North
Suite 500
Nashville, TN 37219
Phone: (615) 254-3060

*Attorneys for Macon County, Tennessee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 15th day of June, 2010, a true and correct copy of the foregoing has been forwarded via the U. S. District Court's electronic mail system, to:

Jerry Gonzalez
2441-Q Old Fort Parkway
No. 381
Murfreesboro, TN 37128
(615) 360-6060
jgonzalez@jglaw.net
*Attorney for Plaintiff*


    */s/ Mary Byrd Ferrara*
    Mary Byrd Ferrara