UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES HOLMAN, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MACON COUNTY, TENNESSEE<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>) |

## MACON COUNTY'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION

Defendant Macon County states the following as its responses to the Plaintiff James Holman's Interrogatories and Request for Production of Documents. Plaintiff states that her responses are not designed to comply with the instructions and definitions provided by the defendant, but rather that are designed to comply with the Federal Rules of Civil Procedure and the law interpreting same.

INTERROGATORIES

INTERROGATORY NO. 1. Identify the person or person answering these interrogatories or participating in the formulation of answers.

ANSWER: Macon County Mayor, Shelvy Linville.

FB043102 /

INTERROGATORY NO. 2. Describe Macon County's policy, practice or custom regarding the setting of bail generally.

ANSWER: Generally the County policy is for the setting of bail at the lowest amount necessary to secure the attendance of the defendant for trial, while balancing the safety of the community, in compliance with state law and the United States Constitution.

INTERROGATORY NO. 3. Who or what subcommittee, county body, or official is responsible for selecting judicial Commissions?

ANSWER: Macon County Commission.

INTERROGATORY NO. 4. How are judicial commissioners nominated and selected?

ANSWER: The County publishes a notice, which solicits applications for the position. Interested persons then submit an application to the County, and attend a County Commission Meeting where each has the opportunity to speak and/or to respond to questions from the Commissioners. The applicant pool is narrowed by a series of votes, and ultimately the County Commission elects the judicial commissioner(s).

INTERROGATORY NO. 5. What are the requirements to be a judicial commissioner?

ANSWER: Statutory regulations set out in Tenn. Code Ann. Section 40-1-111.

INTERROGATORY NO. 6. How long does a judicial commissioner serve?

ANSWER: Prior to 2009, the Judicial Commissioner served four year term. The current judicial commissioners were appointed in September, 2009 to serve a one year term.

INTERROGATORY NO. 7. Is there a review process to determine whether a judicial commissioner has been performing his or her job at a minimum standard?

ANSWER: There is no formal review process, but each commissioner must comply with all training requirements of the Tennessee Code within a reasonable time period after appointment.

INTERROGATORY NO. 8. Is there a Macon County procedure by which citizens may file complaints against a judicial commissioner?

ANSWER: Yes. A person who has a complaint may voice it to the Mayor, a County Commissioner, or present it at a County Commission Meeting. Any such Complaint would be addressed by the Macon County Commission if brought to its attention.

INTERROGATORY NO, 9.    List all current judicial commissioners (by full name), their addresses and telephone numbers, the date on which they were appointed, and the date on which their appointment terminates.

ANSWER: Phillip Ray Spears, Sr., 4490 Akersville Road, Lafayette, TN, 615-666-3325, appointed September 21, 2009 to serve a one year term. Phillip Ray Spears, Jr. 503 Courthouse View, Lafayette, TN, (615) 666-3325, appointed September 21, 2009 to serve a one year term.

INTERROGATORY NO. 10.   List all judicial commissioners (by full name), which were in service in the month of April 2009, their addresses and telephone numbers, the date on which they were appointed, and the date on which their appointment terminates.

ANSWER: Ralph Meeks, was the sole judicial commissioner serving Macon County in April, 2009. Meeks was appointed on February 21, 1994 and served until July 31, 2009.

INTERROGATORY NO. 11.   For each judicial commissioner listed in your response to Interrogatories No. 9 and 10, provide any qualifications they have to serve as judicial commissioner, and their educational background.

ANSWER: See personnel files of judicial commissioners Spears, produced in response to Requests for Production of Documents. The county does not retain a copy of the application submitted by Ralph Meeks prior to his appointment in 1994, and does not have his educational background on file. His qualifications for service include, however, fifteen years of on the job experience. The County will supplement if the educational information becomes available.

INTERROGATORY NO. 12.   For each judicial commissioner listed in your response to Interrogatories No. 9 and 10, state their current employers (other than Macon County judicial commissioner) and list their employment history for the previous five years (from the date of these interrogatories), including their immediate supervisor for each position held and including the addresses and phone numbers of their employers and the reasons for their departure.

ANSWER: See Spears' Personnel files produced in response to Requests for Production of Documents. To the County's knowledge, Commissioner Meeks has not been employed in any other capacity over the past five (5) years.

INTERROGATORY NO. 13. How much do judicial commissioners get paid and who pays them?

ANSWER: $37.31 per day paid by Macon County. Since there are two judicial commissioners currently, that daily sum is paid to the commissioner on duty for that day.

INTERROGATORY NO. 14. Do judicial commissioners receive any financial incentive other than their salary or hourly pay.

ANSWER: No.

INTERROGATORY NO. 15. Do judicial commissioners have authority, as a judicial commissioner, to carry a fire arm and/or badge? If so, who provides the firearm and/or badge?

ANSWER: Not pursuant to any authorization by the County.

INTERROGATORY NO. 16. Is there a county committee that oversees judicial commissioners? If so, who are the members of such committee?

ANSWER: The judicial commissioners are overseen by the Macon County Commission. The members are Shannon Wix, Chris Wix, Kenneth Witte, Jeff Hughes, Tod Doss, Phillip Snow, Jerry Ray, Scott Gammons, Larry Tucker, Michelle Phillips, Bryan Carter, Tony Boles, Anthony Bullington, Ron Morey, Ronnie

McDuffee, Helen Hesson, Wendell Jones, Dewayne Whittemore, Benton Bartley, Rosetta Driver.

INTERROGATORY NO. 17. Identify all persons who, to your knowledge or the knowledge of your agents or attorneys, witnessed or purport to have knowledge of facts relevant to the incident involving plaintiff or any other persons in the putative class as alleged in the Complaint.

ANSWER: See, Defendant's Rule 26 Initial Disclosure, and Hon. David Dunham, Criminal Court Judge, 15th Judicial District who has knowledge of some of the plaintiff's criminal charges, time served in jail, and dispositions of charges. Please consider this to be a supplement to Defendant's Rule 26 Initial Disclosures.

INTERROGATORY NO. 18. For each expert witness you intend to call at trial, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds of each such opinion.

ANSWER: No expert has been identified by defendant at this time.

INTERROGATORY NO. 19. Do judicial commissioners actually question arrestees personally before setting the bail amount? If yes, what questions are they asked. If no, why not?

ANSWER: Yes, this is the general practice of Macon County Commissioners to my knowledge. In some instances, however, a judicial commissioner may not personally conduct an interview with each arrestee when the necessary information is known to the Commissioner or is available from another source for consideration.

INTERROGATORY NO. 20. Provide a list of all bail bondsmen presently authorized (as of the date of this interrogatory) to post bail bonds in any court of Macon County, their names, addresses and telephone numbers and if they are related to any Macon County officials or judges.

ANSWER: See attached list of bondsmen which is posted in the Macon County Jail. Henry Linville is related to the undersigned Mayor. Also attached is a handwritten list of all bondsmen authorized to post bonds in the 15th Judicial District which do not actually work in Macon County.

INTERROGATORY NO. 21. How are bail bondsman selected or cleared to post bail bonds in Macon County Courts?

ANSWER: It is my understanding that bail bondsmen submit certain document to the court clerk and are approved by the Criminal Court Judge.

INTERROGATORY NO. 22. In how many cases over the last five years have judicial commissioner, county clerks, or any other Macon County official set bail (this does not include releases on own recognizance)?

ANSWER: Objection. The County maintains no list or compilation of this information, and this information is equally available to the plaintiff for computation upon review as it is to the defendant. It is unduly burdensome for the defendant to be required to calculate this information for the plaintiff.

INTERROGATORY NO. 23. Please state the name of the judicial commissioner who sets bail for the plaintiff for the arrest listed in the complaint. If a judicial commissioner was not the one that set the bail, please state the name and title of the person that determined the bail amount and set the bail.

ANSWER: Judicial Commissioner Ralph Meeks.

INTERROGATORY NO. 24. Was the plaintiff actually questioned by a judicial commissioner before having his bail set? If not, why not and if not, what criteria did the judicial commissioner or anyone else use to set the bail amount.

ANSWER: Yes, that is my understanding. The criteria used by the judicial commissioner is within the knowledge of the judicial commissioner.

INTERROGATORY NO. 25. Do judicial commissioners use any database, spreadsheet or log, computerized or on paper, to track the setting of bail? If so, where si the database located?

ANSWER: Not to the knowledge of the County.

# OATH

I, Shelvy Linville, state under sworn oath that the foregoing answers to Interrogatories and the answers contained herein are true and accurate to the best of my knowledge, information, and belief, and based upon information provided to me from sources I believe to be reliable.

*Shelvy Linville*
Shelvy Linville, Mayor
Macon County, Tennessee

STATE OF TENNESSEE  )
                    )
COUNTY OF Macon     )

Sworn to and subscribed before me this 19 day of August, 2010.

*Anita Hessen*
Notary Public

My Commission Expires: 9-28-2013

FB043314 /

REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1. Provide all documents relied upon to answer the previous interrogatories.

RESPONSE: Objection, this interrogatory is vaque and overly burdensome.

REQUEST NO. 2. Provide a copy of the Macon County ordinance, regulation, law or policy that describes the formation of a committee to select judicial commissioners, the procedure for selection, the requirements to be a judicial commissioner, or any other document purporting to show the policy, practices, or procedures regarding judicial commissioners.

RESPONSE: No Macon County regulation exists which specifies the information sought. The requirements are contained in the Tennessee Code Annotated.

REQUEST NO. 3. Provide a copy of any contract of employment between Macon County and all current judicial commissioners and any judicial commissioners employed at the time of plaintiff's arrest.

RESPONSE: None exists.

REQUEST NO. 4. Provide a copy of the plaintiff's inmate file for any and all arrests or charges made in Macon County.

RESPONSE: Attached is "Inmate File", Response to RPD 4.

REQUEST NO. 5. Provide any and all documents that compromise or are a part of the personnel file of all current judicial commissioners, including any disciplinary record, and any other documents in the possession of Macon County that concern hiring, training, duties, performances, assignments, and mental and physical condition of judicial commissioners.

RESPONSE: Attached is "Spears' Personnel File", Response to RPD 5.

REQUEST NO. 6. Provide any logbooks, spreadsheets, or other data compilation which would show any information regarding all applications for arrest warrants, affidavits in support of arrest warrants considered, and arrest warrants actually issued within the last five years or allow inspection of same.

RESPONSE: No such data compilation exists.

REQUEST NO. 7. Provide all arrest warrants or other documents, including mittimuses, showing the amount of bail set in all cases considered by any judicial commissioned or other count official within the last five years or allow inspection of same.

RESPONSE: These warrants and/or mittimuses will be made available for inspection and copying by the plaintiff upon reasonable notice to the undersigned.

REQUEST NO. 8. Provide all documents related to all bail bondsmen that are authorized to post bail bonds within Macon County. (Per T.C.A. 40-11-303, every bondsman is required to file a report with the criminal court clerk of the county. State law also requires a person wishing to be a bail bondsmen to submit an application along with an affidavit undergo criminal background checks).

RESPONSE: Objection on the grounds that this request is overly broad. All bondsmen authorized to post bail bonds in the 15th judicial district do not post bonds in Macon County. The paperwork for all bondsmen who post bonds in Macon County will be available for inspection and review at the office of the undersigned (or agreed to location) upon reasonable notice.

REQUEST NO. 9. Provide a copy of any policy manual, memo, binder, notebook, booklet, guide, etc. used by judicial commissioners or other county official in the performance of their duties regarding the consideration of bail. This request includes any manual, binder, notebook, booklet, guide, etc., including any documents obtained through the judicial commissioners or any other county official relay on or refer to in performing their duties regarding the consideration of bail, whether the contents constitute a "policy" or not.

RESPONSE: There is no such documentation provided to the judicial

commissioners by the county other than some volumes of the Tennessee Code Annotated which volumes will be available for inspection and review at the office of the undersigned (or agreed to location) upon reasonable notice.

REQUEST NO. 10.    Provide any documents which would show the training requirements for judicial commissioners, such as required number of on-the-job training hours, etc.

RESPONSE: The County is aware of no such documents other than Tenn. Code Ann. § 40-1-111.

REQUEST NO. 11.    Provide any and all documents which are in your possession concerning plaintiff which are not already produced. This includes but is not limited to:

   a.   reports or forms describing any aspects of these events;

   b.   disciplinary incident reports;

   c.   medical records;

   d.   statements or interviews of witnesses, informants, the plaintiff, and any police officers or other persons who had any role or contact with the case.

RESPONSE: Attached as "Incident Reports" Response to RPD 11, is

additional documentation regarding the plaintiff and his "incident reports." The defendant objects to the production of statements or interviews of witnesses conducted in the defense of this case as attorney work product.

Respectfully Submitted,

FARRAR & BATES, L.L.P.

*Mary Byrd Ferrara*
Mary Byrd Ferrara (BPR #000229)
Heather C. Stewart (BPR # 23914)
211 Seventh Avenue, North
Suite 500
Nashville, TN 37219
Phone: (615) 254-3060
*Attorneys for Macon County*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 20th day of August, 2010, a true and correct copy of the foregoing has been forwarded via email and U. S. Mail to the following person:

Jerry Gonzalez
2441-Q Old Fort Parkway
Box 381
Murfreesboro, TN 37128
(615) 360-6060
*Attorney for Plaintiff*

*Mary Byrd Ferrara*
Mary Byrd Ferrara