UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES HOLMAN, on behalf of himself, and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 2:10-cv-0036 |
| MACON COUNTY, TENNESSEE ) ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM AND DECERTIFY CLASS FOR LACK OF A CLASS REPRESENTATIVE**

Defendant Macon County, Tennessee has moved this Court to dismiss the claims asserted herein by plaintiff James Holman for failure to prosecute this action and for failure to comply with the Court's Order entered on March 1, 2011. Furthermore, the defendant has moved this Court to decertify the class previously certified herein for lack of a competent representative to pursue the class claims. In support of this motion, the defendant states the following:

I. **FACTS**

The plaintiff James Holman filed this Action on April 13, 2010, and subsequently sought and received class certification by this Court. On September 30, 2010, the defendant served written discovery on the plaintiff which has not been answered by the plaintiff. Throughout the past year, the plaintiff has suffered legal and medical problems which, according to his attorney, have prevented him from answering interrogatories or otherwise prosecuting this case to date. As a result of discovery disputes raised by the plaintiff's attorney, a telephonic conference was

FB075381 /

held with Magistrate Judge Brown on February 28, 2011.  At said conference class counsel reported to the Court that he had doubts as to whether Mr. Holman would be able to proceed as class representative in this litigation.

On March 1, 2011, Judge Brown entered an Order which extended discovery deadlines, and ordered the following things to occur in this case:

1. The plaintiff was ordered to respond to the defendant's written discovery on or before March 28, 2011, OR to take appropriate action to substitute a new plaintiff;

2. The defendant was ordered to produce questionnaires and other items which the defendant's judicial commissioners relied upon in the setting of bail for a period of one year, and this production was ordered to take place within 30 days of the Court's March 1, 2011 Order.

3. The plaintiff received permission to re-depose the defendant's judicial commissioners, a second time, for a limited 2 hour period for the purpose of reviewing the questions and documents produced by the defendant.  Judge Brown stated at the telephone conference that these depositions were not to take place until the plaintiff either responded to the outstanding written discovery or until after such time as a new plaintiff was substituted as class representative.

As of today's date, one week post the Court's March 28, 2011 deadline, the plaintiff has neither responded to written discovery or filed a motion to substitute a new plaintiff in this case.  Furthermore, the plaintiff has not contacted the office of undersigned counsel to request extension of time or to provide other explanation for said failure to comply with the Court's March 1, 2011 Order.

Since the February 28, 2011 telephone conference, the defendant has

contacted the office of class counsel on three occasions regarding the disclosure of questionnaires and other relevant discovery documents and has received no response from class counsel at any time. Filed herein as Exhibit No. 1 is a copy of a March 10, 2011, email from defendant's office to class counsel regarding the questionnaires. Filed herein as Exhibit No. 2 are emails dated March 17 and March 24, 2011, from defendant's office which again address the court ordered production of documents. Finally, also filed herein is Exhibit No.3, a letter from undersigned counsel which was emailed, mailed, and faxed to the office of class counsel on March 29, 2011.[1] To date, the undersigned has received no communication from the plaintiff regarding the document production, depositions, or any other communication regarding this matter. The plaintiff has made no attempt to review the documents which were the subject of his discovery dispute telephone conference, and has failed to contact the office of the undersigned in any way.

## II. ARGUMENT

### A. Holman's Claims Should be Dismissed.

For the foregoing reasons, the defendant Macon County moves, pursuant to Fed. R. Civ. P. 41(b) to dismiss the plaintiff's claims herein for failure to prosecute, for plaintiff's failure to comply with the Federal Rules of Civil Procedure regarding responses to discovery, and for plaintiff's failure to comply with this Court's March 1, 2011 Order regarding responding to written discovery or moving to substitute the plaintiff herein. Rule 41 (b) specifically provides that these actions by the plaintiff are basis for dismissal of his claim, and that said

---

[1] The facsimile number provided for class counsel is apparently not a functioning number, and the attempted fax to class counsel was unsuccessful.

FB075381 /

dismissal operates as a adjudication of said claims on the merits.

      B.    <u>Class Should be Decertified for Lack of Representative</u>

In the event class representative James Holman's claims are dismissed for his failure to prosecute the case and failure to comply with the Court's March 1, 2011 Order to respond to written discovery or to move to substitute a new plaintiff herein, then in that event, the defendant moves this Court to decertify the class for lack of a class representative who can establish that he or she suffered injury as a result of the unconstitutional practices of Macon County.

Federal Rule of Civil Procedure 23 (a) provides that it is a prerequisite for class certification that the class have a representative party which will fairly and adequately protect the interests of the class. "A plaintiff who brings a class action presents two separate issues for judicial resolution." *U.S. Parole Comm. v. Geraghty*, 445 U.S. 388, 401 (1980). "One is the claim on the merits; the other is the claim that he is entitled to represent a class." *Id*. Therefore, a class representative must establish that he or she suffered injury as a result of the unlawful practices of a defendant, otherwise he or she is in "no position to mount a classwide attack[.]" *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977). This is because "[t]he Article III standing requirements apply equally to class actions" and the class representative must allege and ultimately prove "an individual, personal injury in order to seek relief on behalf of himself or any other member of the class." *Sutton v. St. Jude Medical S.C., Inc.*, 419 F.3d 568, 570 (6th Cir. 2005); see, *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2004) (citation omitted) ("'[I]n class actions, the named representatives must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which

they belong and which they purport to represent'").

In this case, it is clear that James Holman, by his failure to prosecute this case and his failure to comply with the rules and Orders of this Court, does not adequately represent protect the interests of this class. It is further clear that the Court Ordered class counsel to move to substitute the representative plaintiff on or before March 28, 2011, and that class counsel has failed to do so and has failed to take steps to offer any explanation to opposing counsel or the Court. If, as alleged in the Complaint, there exists a class of persons who contend to have suffered constitutional violations by Macon County, the plaintiff has been provided every opportunity to substitute one such class member as class representative and, in fact, has been Ordered to do so, and has not.

### III. CONCLUSION

For the foregoing reasons, the defendant Macon County asks this Court to dismiss all claims asserted herein by James Holman, with prejudice. The defendant further asks this Court to decertify the class for lack of a representative, thereby dismissing all claims herein against Macon County, Tennessee, with prejudice.

Respectfully Submitted,

FARRAR & BATES, L.L.P.

*/s/ Mary Byrd Ferrara*
Mary Byrd Ferrara (BPR #000229)
Heather C. Stewart (BPR # 23914)
211 Seventh Avenue, North
Suite 500
Nashville, TN 37219
Phone: (615) 254-3060
*Attorneys for Macon County*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 4th day of April, 2011, a true and correct copy of the foregoing has been forwarded via the U. S. District Court's electronic mail system, to:

Jerry Gonzalez
2441-Q Old Fort Parkway
Box 381
Murfreesboro, TN 37128
(615) 360-6060
*Attorney for Plaintiff*

                                             */s/ Mary Byrd Ferrara*
                                             Mary Byrd Ferrara

FB075381 /